IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KABINE F., <br><br> Petitioner, <br><br> v. <br><br> CHARLES GREEN, *et al.*, <br><br> Respondents. | HON. JOHN MICHAEL VAZQUEZ <br><br> Civil Action <br> No. 19-16520 (JMV) <br><br> **OPINION** |

**VAZQUEZ, District Judge:**

I.     **INTRODUCTION**

On August 9, 2019, the Petitioner, Kabine F.,[1] an immigration detainee currently held at the Essex County Correctional Facility, in Newark, New Jersey, filed a counseled habeas corpus petition seeking relief pursuant 28 U.S.C. § 2241 (the "Petition"). (DE 1.) For the reasons detailed below, his Petition is summarily dismissed.

II.     **BACKGROUND**

Petitioner is a citizen of Guinea who has resided in the United States since 1987, when he was admitted on a visa, which has long since lapsed. (*See* DE 1 at ¶ 1.) Petitioner has been detained by immigration authorities since June 24, 2019, when he attempted to re-enter this country at John F. Kennedy International Airport using a friend's U.S. passport. (*Id.* at ¶ 25.) The Department of Homeland Security ("DHS") issued a Notice and Order of Expedited Removal to Petitioner on that same day, finding him inadmissible pursuant to 8 U.S.C. § 1182(6)(C)(ii) ("Any

---

[1] Consistent with guidance regarding privacy concerns in immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and the first initial of his last name.

alien who, by fraud or willfully misrepresenting a material fact, seeks to procure . . . admission into the United States . . . is inadmissible") and § 1182(7)(A)(i)(I) ("any immigrant at the time of application for admission . . . who is not in possession of a . . . valid entry document . . . is inadmissible"). (*See* DE 1-4 at PageID: 42.) On July 19, 2019, an asylum officer denied Petitioner's request for protection from removal to Guinea under the Convention Against Torture. (*See* DE 1-4 at PageID: 23-27.) On July 23, 2019, Immigration Judge ("IJ") Carrie C. Johnson-Papillo affirmed that denial and referred Petitioner's immigration case back to DHS "for removal of the alien." (DE 1-2 at PageID: 18-19.) Importantly, it does not appear that Petitioner appealed the IJ's decision to the Board of Immigration Appeals or otherwise challenged any of the foregoing findings in immigration court. On August 1, 2019, United States Immigration and Customs Enforcement ("ICE") unsuccessfully attempted to remove Petitioner to Guinea. (DE 1 at ¶ 42.) Petitioner's present § 2241 petition followed on August 9, 2019.

### III. RELEVANT LEGAL STANDARDS

Under 28 U.S.C. § 2241(c), habeas relief may be extended to an immigration detainee only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Under Rule 4 of the Rules Governing § 2254 Cases (the "Habeas Rules"), applicable to this § 2241 proceeding under Habeas Rule 1(b), this Court is presently required to examine the Petition to determine whether it should be dismissed as plainly unmeritorious.

## IV.     ANALYSIS

Petitioner is presently being detained pursuant to a final order of removal. *See Patel v. Doll*, No. 1:17-CV-01594, 2018 WL 2307017, at *1-2 (M.D. Pa. Apr. 11, 2018), *R&R adopted*, 2018 WL 2302580 (M.D. Pa. May 21, 2018) (concluding that § 2241 petitioner was subject to a final removal order, *i.e.*, that his detention was governed by 8 U.S.C. § 1231(a), where the petitioner, who had been detained since October 27, 2016 when he attempted to enter the United States without a valid entry document, had no pending immigration proceedings challenging his removability as of April 11, 2018, when the magistrate judge issued his report and recommendation that habeas relief be denied) (citing *Gazor v. Rodriguez*, No. 16-8707, 2017 WL 935445, at *3 (D.N.J. Mar. 9, 2017)). Petitioner's detention is therefore governed by the post-removal statute, 8 U.S.C. § 1231(a). *See Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208, 224-25 (3d Cir. 2018) (Section 1231(a)(6) applies to "aliens who are inadmissible under 8 U.S.C. § 1182").

Section 1231(a) provides that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." *See* 8 U.S.C. § 1231(a)(1)(A). Aliens must be detained during the ninety-day post-removal order period. *See id.* at § 1231(a)(2). If the alien is not removed in this ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed [1] who is inadmissible . . . [2] [or] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision[.]

3

*Guerrero-Sanchez*, 905 F.3d at 219-20 (citing 8 U.S.C. § 1231(a)(6)).

In *Zadvydas v. Davis*, the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. 678, 689 (2001). In other words, "[o]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Under *Zadvydas*, six months is the "presumptively reasonable" period of post-removal-order detention under § 1231. *Id.* at 701. Thus, to obtain habeas relief under *Zadvydas*, a petitioner must provide facts showing that he has been detained for over six months and that there is good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *Id.* In *Guerrero-Sanchez*, the Third Circuit likewise adopted a presumptive "six-month rule," meaning that "an alien detained under § 1231(a)(6) is generally entitled to [habeas relief] after six months of custody." 905 F.3d at 226 (parenthetical omitted).

Here, Petitioner has been in immigration detention for less than two months. His detention is well shy of the six-month duration that will trigger habeas relief under *Zadvydas* and *Guerrero-Sanchez*; indeed, his detention is still within the 90-day period of mandatory detention created by § 1231. Petitioner's habeas petition will accordingly be dismissed as premature. Petitioner may, however, move to reopen this proceeding if he ultimately remains in immigration custody for a period that is unduly prolonged under § 1231.

## V. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is dismissed without prejudice as plainly unmeritorious at this time. *See* Habeas Rule 4. An accompanying Order follows.

8/12/19  
Date

s/ John Michael Vazquez  
JOHN MICHAEL VAZQUEZ  
United States District Judge